Lawrence A. Anderson
Attorney at Law, P.C.
300 4th Street North
P.O. Box 2608
Great Falls, MT 59403-2608
Telephone:   (406) 727-8466
Facsimile:   (406) 771-8812
E-mail:   laalaw@me.com

*Attorney for Plaintiffs*



FILED
FEB 23 2018
Clerk, U.S District Court
District Of Montana
Great Falls



## MONTANA EIGHTH JUDICIAL DISTRICT COURT, CASCADE COUNTY

| | |
|---|---|
| David L. Hiskey, Randy A. Fallang, and others similarly situated,<br><br>Plaintiffs,<br><br>v.s.<br><br>Insurance Company of the West,<br><br>Defendant. | CV-18-38-GF-BMM<br><br>Cause No.: **DDV-17-0695**<br><br>Complaint   **JOHN W. PARKER** |

For their Complaint, Plaintiffs David L. Hiskey and Randy A. Fallang, and others similarly situated, respectfully allege as follows:

**What This Case Is About**

The Plaintiffs are construction workers who worked for a construction company named, Wadsworth Builders Company, Inc., and its various subsidiaries (Wadsworth). Wadsworth employed the Plaintiffs on various public works construction projects that were subject to the Little Davis Bacon Act of Montana, 18-2-101, MCA, et. seq.

Wadsworth failed to pay prevailing wages as required by the Little Davis Bacon Act. Essentially, Wadsworth had a practice of deducting $.20 per hour from the Plaintiffs' wages. The Montana Department of Labor and Industry determined that this $.20 per hour deduction was

illegal. While Wadsworth returned the $.20 per hour to the Plaintiffs, it failed to pay statutory/contractual surcharge as prescribed by §18-2-407(1), MCA. Additionally, Wadsworth misclassified Plaintiffs on various public works construction projects that have also resulted in the underpayment of Plaintiffs.

Defendant Insurance Company of the West (ICW) provides performance and payment surety bonds for the Wadsworth construction projects that are in issue. In these surety bonds, ICW promises to be jointly and severally liable for Wadsworth's liability to the Plaintiffs. ICW has breached its duties under its surety bonds, and Plaintiffs bring this action to recover the damages for which ICW is jointly and severally liable.

## GENERAL ALLEGATIONS

1. During all times relevant hereto, Plaintiffs have resided in Cascade County, Montana.

2. Defendant ICW is an insurance company authorized by the Montana State Auditor, Ex Officio Insurance Commissioner, to do an insurance business in the State of Montana.

3. Plaintiffs worked as skilled craftsmen for Wadsworth on public works construction projects in Montana, subject to the prevailing wage provisions of the Little Davis Bacon Act of Montana, 18-2-101, MCA, et. seq.

4. Wadsworth is incorporated in the State of Montana, and their offices are located in Great Falls, Montana. The public works construction projects that are the subject of this action are all located in the State of Montana.

5. Defendant ICW provides performance and payment surety bonds for the Wadsworth public works construction projects that are in issue in this case. In these surety

bonds, ICW promises to be jointly and severally liable for Wadsworth's liability to the Plaintiffs

6. The issuing of surety insurance or bonds guaranteeing performance of contracts is the transacting of insurance in Montana. §33-1-102(1), MCA; §33-1-201(6), MCA; 33-1-211, MCA; §33-2-101, MCA; and 33-18-101, MCA; *K-W Industries v. National Surety Corp.*, 231 Mont. 461, 754 P.2d 502 (1988).

7. Under the provisions of Defendant ICW's surety bonds that are the subject of this action, it has consented to the jurisdiction of courts of competent jurisdiction in Montana.

8. Wadsworth deducted $.20 per hour from the Plaintiffs' wages earned on public works construction projects.

9. The Montana Department of Labor (MDOL) issued two determinations finding that Wadsworth's reduction of Plaintiffs' pay by $.20 per hour violated Montana law. The MDOL issued its order on January 20, 2009 and issued a redetermination order thereafter affirming its original order.

10. On or about December 8, 2009, Wadsworth and the MDOL entered into a settlement agreement, whereby Wadsworth admitted they had improperly withheld $.20 per hour for "association and administrative fee" related to benefit trust funds to be paid on public works contracts.

11. After April 12, 2010, Wadsworth paid the Plaintiffs, and the putative class, the $.20 per hour they owed the Plaintiffs, and the putative class.

12. However, Wadsworth failed, and has refused to pay, statutory/contractual surcharge to which Plaintiffs, and the putative class, are entitled under the provisions of the Little Davis Bacon Act, as prescribed by §18-2-407(1), MCA.

13. Wadsworth has misclassified Plaintiffs, and the putative class, in public works

contracts involving the erection of steel buildings, resulting in the Plaintiffs, and the putative class loss of wages.

14. Plaintiffs, and the putative class, has sued Wadsworth in Cause Number DDV-10-0217, now pending in the Montana Eighth Judicial District Court, Cascade County, entitled *Randy Fallang, David Hiskey, and others similarly situated v. Wadsworth Builders Company, Inc., a Montana Corporation, d/b/a Wadsworth Plumbing, Inc., Wadsworth Companies and WB.* In this suit, Plaintiffs seek to recover the contractual/statutory surcharge to which they are entitled under §18-2-407(1), MCA, the contractual/statutory wages to which they are entitled and the Wage Protection Act penalties to which they are entitled under the provisions of §39-3-206, MCA.

15. Plaintiffs, and the putative class, have given Defendant ICW notice of Plaintiffs', and the putative class' claims, and Defendant ICW has denied liability for Plaintiffs,' and the putative class', claims herein.

16. ICW has breached its duties under its surety bonds, and Plaintiffs bring this action to recover the damages for which ICW is jointly and severally liable.

### Count No. 1
### Declaratory Judgment

17. Plaintiffs re-allege and incorporate all preceding paragraphs as though fully set forth herein.

18. An actual controversy exists between the parties regarding their respective rights and remedies under the surety bonds referenced above, wherein the Plaintiffs contend they are entitled to impose joint and several liability on Defendant ICW under the terms of the surety bonds for all liability that Wadsworth has to the Plaintiffs, and the putative class. Defendant ICW contends it has no liability under the terms of the surety bonds.

19. More particularly, Defendant ICW contends that, under the terms of the surety bonds, Plaintiffs', and the putative class', claims are barred by the provisions of the surety bonds that require that such claims be brought within one year from the notice of claim or within one year of the provision labor or service, whichever first occurs.

20. Plaintiffs, and the putative class, contend the contractual limitation on the filing of claims violates the provisions of §28-2-708, MCA, that provides: "Every stipulation or condition in a contract by which any party to the contract is restricted from enforcing the party's rights under the contract by the usual proceedings in the ordinary tribunals or that limits the time within which the party may enforce the party's rights are void." *Thiebar Realties v. National Union Fire Ins. Co.*, 91 Mont. 525, 9 P.2d 469 (1932); also *Trammel v. Brotherhood of Locomotive Firemen & Engineers*, 126 Mont. 400, 253 P.2d 329 (1953). Moreover, the provisions of the surety bonds themselves state that such limitations do not apply if they are void or prohibited by law.

21. Pursuant to the provisions of Montana's Declaratory Judgment Act, §27-8-201, MCA, Plaintiffs request the Court to issue a declaratory judgment in favor the Plaintiffs, and the putative class, and find that Plaintiffs' claims are timely filed under the provisions of §27-2-202(1), MCA and §27-2-409(1), MCA; *Mercury Marine v. Monty's Enterprises, Inc.*, 270 Mont. 413, 892 P.2d 568; c.f. *Bloom v. Bender*, 48 Cal. 2d 793, 313 P.2d 568, 571 (1957); *Regents of Univ. of Calif. v. Hartford Accident & Indemnity Co.*, 21 Cal. 3d 624, 147 Cal. Rptr. 486, 492, 581 P.2d 197, 203 (1978).

22. Additionally, Defendant ICW contends that it is not liable under its surety bonds for the statutory/contractual surcharge under the provisions of §18-2-407(1), MCA or the penalties under §39-3-206, MCA. Montana has not addressed this precise issue.

23. Pursuant to the provisions of Montana's Declaratory Judgment Act, §27-8-201,

MCA, Plaintiffs request the Court to issue a declaratory judgment in favor of the Plaintiffs, and the putative class, and find that Defendant ICW is liable under its surety bonds and the law for the surcharges under the provisions of §18-2-407(1), MCA and the penalties under §39-3-206, MCA.

WHEREFORE, Plaintiffs pray for relief as more fully set forth in the prayer for relief.

### Count No.2
### Breach of Contract

24. Plaintiffs re-allege and incorporate all preceding paragraphs as though fully set forth herein.

25. Defendant ICW has surety contracts with Wadsworth on public works construction projects in Montana, in which it promised with Wadsworth, to be jointly and severally bound to pay for labor, materials, and equipment furnished on public works contracts.

26. Plaintiffs, and the putative class, are intended beneficiaries on the surety contracts that Defendant ICW has with Wadsworth Builders Company, Inc. and its various subsidiaries, on public works construction contracts.

27. Defendant ICW breached its surety contracts to be jointly and severally liable with Wadsworth; and as a result of this breach, Plaintiffs, and the putative class, have suffered damages.

28. As a direct and proximate result of those breaches, Plaintiffs, and the putative class, are entitled to compensatory damages in an amount to be proven at trial.

WHEREFORE, Plaintiffs pray for relief as more fully set forth in the prayer for relief.

### Count No. 3
### Class Action

29. Plaintiffs re-allege and incorporate all preceding paragraphs as though fully set

forth herein.

30. Plaintiffs bring this action pursuant to the provisions of Rules 23(a) and 23(b)(2) and/or 23(b)(3) and/or 23(c)(4) of the Montana Rules of Civil Procedure as a class action for themselves and as representatives of and on behalf of all other persons similarly situated, to wit: all laborers, skilled tradesmen and craftsmen who work or worked for Wadsworth and who failed to receive from Wadsworth, the wages to which they were contractually and statutorily entitled.

31. This class action satisfies the prerequisites set forth in Rule 23(a) for maintaining a class action:

(a) The class is so numerous that joinder of all members is impracticable;

(b) There are questions of law and fact common to the class, to wit:

1) Whether the Plaintiffs and the class are intended beneficiaries of the surety contracts that are the subject of this action;

2) Whether the Plaintiffs and the class claims are timely filed under Montana law;

3) Whether the surety contract limitations for filing claims are void because they violate the provisions of §28-2-708, MCA;

4) Whether Defendant ICW is jointly and severally liable for Plaintiffs', and the class' claims against Wadsworth;

5) Whether the class is entitled to Little Davis Bacon Act surcharge under the provisions of §18-2-407(1), MCA for which they were underpaid;

6) Whether Wadsworth failed to pay prevailing wages for the Little Davis Bacon Act public works contracts for the craft classifications the class was working;

7) Whether the MDOL Settlement Agreement binds the class;

8) Whether Wadsworth and Defendant ICW are barred from re-litigating the issue

of whether the $.20 per hour deduction from the class' wages is lawful; and

9) Whether Wadsworth's payment of $.20 per hour to the class released Wadsworth and Defendant ICW from further liability to the class or whether such payment is neither an admission of liability nor a release of liability under the provisions of §26-1-703, MCA.

(c) The Plaintiffs' claims in Counts 1 and 2 above are typical of the class, to wit: Plaintiffs are or were employees of Wadsworth, and they have not been paid the wages to which they were entitled.

(d) The Plaintiffs will fairly and adequately protect the interests of the class, because they have no interest in conflict with the members of the class, and class counsel is experienced and competent to handle this litigation.

30. In addition, Defendants have acted or refused to act on grounds generally applicable to the class as prescribed by Rule 23(b)(2) making declaratory relief appropriate respecting the class as a whole.

33. Additionally, under the provisions of Rule 23(b)(3), the questions of law or fact common to the members of the class predominate over any questions affecting individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

34. Further, the common issues make this case appropriate for class treatment und the provisions of Rule 23(c)(4)

WHEREFORE, the Plaintiffs pray for relief as more fully set forth in the Prayer for Relief.

## Count No. 4
## Common Fund

35.     Plaintiffs re-allege and incorporate all preceding paragraphs as though fully set forth herein.

36.     As a result of the class action brought herein, a common fund will be created in which all members of the class will benefit, and all members of the class should be responsible for the pro rata costs and attorneys fees incurred in the litigation for which the Defendants are not otherwise responsible.

WHEREFORE, the Plaintiffs pray for relief as more fully set forth in the Prayer for Relief.

### Prayer for Relief

1.     For the Court to declare that the surety limitation on the filing of these claims is void and against public policy;

2.     For the Court to declare that Defendant ICW is jointly and severally liable with Wadsworth for the wages due the Plaintiffs, and the class;

3.     For the Court to determine that Defendant ICW is liable to the Plaintiffs and the class for breach of contract;

4.     For damages as provided by law and contract;

5.     For the Court to certify this case as a class action as prescribed by Montana law;

6.     For the Court to establish a common fund from which to a pro rata share of attorney fees and costs are assessed;

7.     For the Court to assess such attorney fees and cost as are provided by law;

8.     For such other and further relief as to the Court seems just.

## Jury Demand

Plaintiffs request a trial by jury of all issues triable by jury in this cause.

DATED this 27 day of October 2017.

_____
Lawrence A. Anderson