FILED
JUL 20 2018
Clerk, U.S District Court
District Of Montana
Great Falls

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| DAVID L. HISKEY, RANDY A. FALLANG, and OTHERS SIMILARLY SITUATED, <br><br> Plaintiffs, <br><br> vs. <br><br> INSURANCE COMPANY OF THE WEST, <br><br> Defendant. | CV 18-38-GF-BMM <br><br><br><br><br> ORDER |

## INTRODUCTION

Plaintiffs David L. Hiskey and Randy A. Fallang, on behalf of themselves and a proposed class of others similarly situated, filed this action in Montana's Eighth Judicial District Court, Cascade County on October 27, 2017. (Doc. 4.) Defendant Insurance Company of the West ("ICW") removed this action to federal court on February 16, 2018, pursuant to 28 U.S.C. § 1441, based on diversity of citizenship jurisdiction under 28 U.S.C. § 1332. (Doc. 1 at 3.) Plaintiff filed a Motion to Remand on February 27, 2018. (Doc. 8.) Defendants filed a Motion to Dismiss on February 23, 2018. (Doc. 5.)

1

The Court held a hearing on the motions on April 26, 2018. (Doc. 20.) The Court ordered the parties to notify the Court of any supplemental authority on the issue of whether the anti-aggregation rule applies where a class of plaintiffs proceeding on a state law class claim seek declaratory judgment regarding a defendant's joint and several liability. The parties filed supplements on May 4, 2018. (Docs. 21; 22.)

## FACTUAL BACKGROUND

Plaintiffs are construction workers who worked for Wadsworth Builders Company, Inc. ("Wadsworth") and its various subsidies. (Doc. 4 at 1.) Wadsworth employed Plaintiffs on public works construction projects. *Id.* Some of the Wadsworth projects were subject to the prevailing wage provisions of the Little Davis Bacon Act of Montana, Mont. Code Ann. §§ 18-2-101, et seq.

Wadsworth deducted $0.20 per hour from the Plaintiffs' wages on certain public works projects. (Doc. 17 at 2.) The Montana Department of Labor ("MDOL") issued two determinations finding that Wadsworth's deductions violated Montana law. *Id.* MDOL advised Wadsworth that Wadsworth could avoid further liability and penalties by refunding the deduction to all of its employees. *Id.* Wadsworth and MDOL entered into a settlement agreement with MDOL in which Wadsworth agreed to refund each employee the deduction. *Id.* Wadsworth provided the refund

checks to MDOL, and MDOL, in turn, disbursed the checks to Wadsworth's employees. *Id.* at 3.

Plaintiffs, on behalf of themselves and a putative class, filed suit against Wadsworth in the Montana Eighth Judicial District Court, Cascade County, on March 8, 2010. *Id.* Plaintiffs seek statutory damages and penalties under Montana law to which they claim they are entitled due to Wadsworth's deductions, and Wadsworth's alleged misclassification of employees resulting in underpayment.

Defendant Insurance Company of the West ("ICW") provided performance and payment surety bonds for some of the Wadsworth construction projects at issue in the underlying case. (Doc. 17 at 2.) Plaintiffs seek declaratory judgment that these surety bonds render ICW jointly and severally liable for Plaintiffs' damages in the underlying state court claim. (Doc. 4 at 3-4.) Plaintiffs further seek to hold ICW responsible for breach of contract. *Id.* at 6.

## PROCEDURAL BACKGROUND

ICW filed a Notice of Removal on February 16, 2018. (Doc. 1.) Plaintiffs filed a Motion to Remand on February 27, 2018, asserting that ICW had not met the amount in controversy required for this Court to exercise diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 9 at 2.) Plaintiffs contend that the claims of the named Plaintiffs alone, without the members of the putative class, must meet the $75,000 threshold prescribed by statute. *Id.* at 11.

3

ICW has also filed a Motion to Dismiss for failure to state a claim upon which relief may be granted. (Doc. 5.) ICW argues that Plaintiffs' failure to identify specific projects and surety bonds render ICW unable to respond to the allegations contained in the complaint. (Doc. 6 at 8.) ICW further argues that Plaintiffs' failure to allege that they filed a notice with ICW within 90 days of the completion of each project subject to an ICW surety bond, as required by Montana law, represents a failure to assert all the elements of a viable claim for relief. *Id.* at 10. Finally, ICW claims that Plaintiffs lack standing. *Id.* at 11.

## LEGAL STANDARD

A defendant may remove an action from state court if the action could have originally been brought in federal court. 28 U.S.C. § 1441. A court must remand any case removed from a state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). This Court must first determine subject matter jurisdiction. Federal courts are always "under an independent obligation to examine their own jurisdiction." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000). A federal court may not entertain an action over which it has no jurisdiction. *Id.*

District courts possess diversity jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332. The party seeking removal

carries the burden of establishing federal jurisdiction. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). Courts strictly construe removal statutes against removal jurisdiction and will reject jurisdiction if any doubt as to the right of removal exists. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

The party seeking removal has satisfied its burden when the plaintiff's complaint establishes the jurisdictional amount in controversy. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). If the complaint does not claim an amount over $75,000, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met. *Gaus*, 980 F.2d at 566-567. The district court may consider the facts in the removal petition, and may "require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Singer*, 116 F.3d at 377 (internal quotations omitted).

## DISCUSSION

Before the Court is a Motion to Remand (Doc. 8) and a Motion to Dismiss (Doc. 5). For the reasons below, the Court will grant the Motion to Remand. This Court lacks jurisdiction, therefore, to reach the merits of the Motion to Dismiss. *Hernandez*, 204 F.3d at 865.

## I. Amount in Controversy Generally

Damages sought in the complaint will satisfy the jurisdictional amount in controversy. *Singer*, 116 F.3d at 377. ICW's notice of removal acknowledges that Plaintiffs' complaint does not identify the amount of damages sought. (Doc. 1 at 2.) ICW instead relied upon a demand letter from Plaintiffs seeking payment of $305,992.79, and Plaintiffs' request for statutory penalties, to satisfy the amount in controversy requirement. *Id.*

Plaintiffs contend that ICW's reliance on the demand letter improperly aggregates the claims of the putative class to meet the amount in controversy requirement. (Doc. 9 at 11.) Plaintiffs further argue that the named Plaintiffs' individual claims fail to meet the $75,000 threshold. *Id.* at 12. Plaintiffs assert that Plaintiff David Hiskey's claim should be valued at $9,825, and Plaintiff Randy Fallang's claims should be valued at $11,486.71. (Doc. 9 at 12.) Additionally, Plaintiffs argue that only attorney's fees accrued at the time of removal may be assessed. *Id.* Finally, Plaintiffs argue additionally that statutory penalties under the Wage Protection Act, Mont. Code Ann. § 39-3-207, may not be aggregated.

## II. Aggregation of the Putative Class and Declaratory Judgment

Plaintiffs seek a declaratory judgment that renders ICW liable for any damages that may be imposed against Wadsworth in the underlying state matter.

6

(Doc. 4 at 4-6.) ICW argues that the amount in controversy calculation should thus contemplate all damages sought by Plaintiffs in the underlying matter, including Wadsworth's liability to the putative class. (Doc. 11 at 6-7.)

ICW additionally cites to settlement communications to establish that the amount in controversy exceeds $75,000. *Id.* at 8-9. ICW raises settlement communications identifying $49,878.08 in costs, and $134,135.87 in fees. *Id.* at 8. ICW further advises that Plaintiffs have rejected a settlement offer in excess of $75,000 in the underlying litigation. *Id.* at 9.

Settlement communications undoubtedly may be admitted to establish the amount in controversy. *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n.3 (9th Cir. 2002). ICW's argument, however, benefits from the considerable hindsight available to the parties after eight years of litigation. The § 1441 standard asks, however, whether the Plaintiffs would have been able to file the case in federal court originally. To meet the amount in controversy requirement, Plaintiffs would have to have overcome the body of law prohibiting the aggregation of the separate and distinct claims of class action plaintiffs. *Troy Bank v. G. A. Whitehead & Co.*, 222 U.S. 39, 40 (1911); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 937-38 (9th Cir. 2001).

An exception to this rule allows plaintiffs to aggregate their claims where class action plaintiffs seek to "enforce a single title or right in which they have a

common and undivided interest." *Snyder v. Harris*, 394 U.S. 332, 335 (1969) (hereafter "the undivided interest exception"). ICW does not even attempt to argue that the undivided interest exception applies here. ICW instead relies upon the nature of the declaratory judgment action to run-around the prohibition on aggregation. This argument fails additionally because declaratory judgment presents no standalone cause of action that would have permitted the claim to have been filed in federal court originally.

## III. Individual Damages

In the alternative, ICW argues that the named Plaintiffs' individual damages exceed the $75,000 threshold. (Doc. 11 at 10.) By ICW's calculations, Fallang's claim for unpaid wages and statutory penalties amounts to $24,122.09. (Doc. 11 at 11.) Hiskey's unpaid wages and statutory penalties total $20,632.50. *Id.* Plaintiffs do not dispute these calculations. (Doc. 13 at 3.)

ICW adds to these figures half of the $49,787.08 in costs incurred in the underlying lawsuit to each named Plaintiff. *Id.* ICW further divides the $134,135.87 in attorney's fees between the two Plaintiffs. *Id.* These calculations bring Hiskey's total claim to $112,593.98, and Fallang's total claim to $116,083.57. *Id.*

This argument suffers from a similar lapse in logic as the previous discussion. Even ICW's highest estimate of Hiskey and Fallang's wage and

8

penalty claims each amount to less than one third of the $75,000 threshold. Only by dividing evenly the attorney fees for the underlying class action can ICW argue that the threshold has been met.

Plaintiffs represent that they expect the class to be composed of approximately 119 members. (Doc. 9 at 3.) ICW provides no support for why it would be appropriate for the Court to attribute half of the attorneys fees to each named plaintiff—and thereby aggregate the underlying costs and fees to reach the amount in controversy—when those costs and fees are presumably attributable to the complex nature of a class action concerning over 100 members.

Plaintiffs have submitted a declaration estimating the attorney's fees attributable to Hiskey and Fallang's individual claims at $2,400. (Doc. 13 at 4 n3.) On a motion to remand, the Court should "resolve all contested issues of substantive fact in favor of the plaintiff." *Berry v. American Express Publishing Corp.*, 381 F.Supp.2d 1118, 1120 (C.D. Cal. 2005). The amount of Plaintiffs' attorney's fees represents one such factual issue. Presumably discovery on this issue would generate precisely the estimate and affidavit that Plaintiffs' counsel has already provided. Therefore, although limited jurisdictional discovery represents an available remedy, it remains unlikely that such discovery could resolve "any doubt as to the right of removal." *Gaus*, 980 F.2d at 566.

ICW has failed to meet their burden to demonstrate by a preponderance of the evidence that the amount in controversy requirement has been met. Because the right of the removal remains in doubt, the Court must remand to state court for further proceedings. *Gaus*, 980 F.2d at 566.

## ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Remand (Doc. 8) is **GRANTED**.

DATED this 20th day of July, 2018.

_____
Brian Morris
United States District Court Judge